JOURNAL ENTRY and OPINION
{¶ 1} Appellant Kareem Ali appeals from the trial court's imposition of a consecutive sentence. On appeal, he assigns the following error for our review:
"I. Appellant's sentence violates his constitutional right to a jury trial."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.
 {¶ 3} In State v. Ali,[1] Kareem Ali appealed his convictions for felony murder with a firearm specification, aggravated robbery with a three-year gun specification, and having a weapon while under disability. At sentencing, the trial court imposed maximum, consecutive terms of imprisonment, totaling twenty-eight years to life. On appeal, we found the felony murder conviction was supported by sufficient evidence, and no error occurred in imposing the maximum sentence. We concluded, however, the trial court erred in imposing consecutive sentences without making the required statutory findings and giving reasons for those findings. Specifically, the trial court failed to find that the sentence was not disproportionate to the danger Ali posed to the public, and failed to set forth its reason in support of a consecutive sentence. Consequently, we vacated the sentence and remanded the matter for resentencing.
 {¶ 4} The trial court resentenced Ali and imposed the same sentence. Ali now appeals.
 {¶ 5} In his sole assigned error, Ali argues his sentence violates his constitutional right to a jury trial. Specifically, Ali contends that his consecutive sentence violates the U.S. Supreme Court's decision inBlakely v. Washington.[2] However, this issue has been addressed in this court's en banc decision of State v. Lett.[3] In Lett, we held that R.C. 2929.14(C) and (E), which govern the imposition of maximum and consecutive sentences, do not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject Ali's contentions and overrule his sole assigned error.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Cooney, J., Concur.
[1] Cuyahoga App. No. 82076, 2004-Ohio-1782.
[2] Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403.
[3] Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2666.