JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Ronald Sharp ("Sharp"), appeals his sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In November 2003, Sharp was charged with nineteen counts of gross sexual imposition and five counts of kidnapping.[1] The matter proceeded to a jury trial, where he was found guilty of three counts of gross sexual imposition and two counts of kidnapping.
 {¶ 3} In February 2004, the trial court sentenced Sharp to four years in prison for each gross sexual imposition count, to be served concurrently, and nine years in prison for each kidnapping charge, to be served concurrently. The trial court ordered that the kidnapping charges be served consecutively to the gross sexual imposition charges for an aggregate sentence of thirteen years.[2]
 {¶ 4} In March 2004, Sharp appealed his convictions and sentence inState v. Sharp, Cuyahoga App. No. 84346, 2005-Ohio-390. We affirmed the lower court's decision, holding that the facts of the case sufficiently supported the findings and consecutive terms imposed by the trial court. However, the sentence was reversed on the authority of State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 in May 2006, and the case was remanded for resentencing. *Page 4 
 {¶ 5} In December 2006, Sharp was resentenced to one year in prison for each gross sexual imposition count, to be served consecutively, and nine years in prison for each kidnapping charge, to be served concurrently. The trial court ordered that the kidnapping charges be served consecutively to the gross sexual imposition charges for an aggregate sentence of twelve years in prison.
 {¶ 6} Sharp appeals again, raising one assignment of error in which he argues that the trial court erred by ordering him to serve a consecutive sentence without making the appropriate findings required by R.C.2929.14(E)(4). He complains that the trial court "made no findings at all." Accordingly, he maintains that the court should have imposed concurrent sentences or no additional sentence at all.
 {¶ 7} However, in Foster, supra, at ¶ 61, 64, and 67, the Ohio Supreme Court held that judicial fact-finding to overcome a consecutive sentence is unconstitutional in light of Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. In Foster, the Court also severed and excised, among other statutory provisions, R.C. 2929.14(E), because imposing consecutive sentences requires judicial fact-finding. Id., applying United States v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738,160 L.Ed.2d 621; Blakely, and Apprendi v. New Jersey (2000),530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435. "After the severance, judicial fact-finding is not required before a prison term may be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant." Id. at ¶ 99. As a result, "trial courts have full discretion to impose a prison sentence within the *Page 5 
statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Foster at paragraph seven of the syllabus, State v.Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, at paragraph three of the syllabus. Therefore, we reject Sharp's argument.
 {¶ 8} Sharp also argues that since his criminal conduct pre-datesFoster, this court is precluded from applying Foster's remedy because of the Due Process and Ex Post Facto Clauses of the United States Constitution.
 {¶ 9} As we noted in State v. Mallette, Cuyahoga App. No. 87894,2007-Ohio-715, discretionary appeal not allowed, 115 Ohio St.3d 1439,2007-Ohio-5567, Foster addressed the constitutionality of sentences imposed pursuant to S.B. 2, effective July 1, 1996.[3] InMallette, we concluded that the remedial holding of Foster did not violate the defendant's due process rights or the ex post facto principles of the United States Constitution because:
 "Mallette [the defendant] had notice that the sentencing range was the same at the time he committed the offenses as when he was sentenced. Foster did not judicially increase the range of his sentence, nor did it retroactively apply a new statutory maximum to an earlier committed crime, nor did it create the possibility of consecutive sentences where none existed." Id.
 {¶ 10} Similarly, in the instant case, Sharp had notice that the sentencing *Page 6 
range was the same at the time he committed the offenses as when he was sentenced. The application of Foster did not judicially increase the range of his sentence. As a result, we find that Foster did not deprive Sharp of his liberty without due process or violate the Ex Post Facto Clause.
 {¶ 11} Therefore, we overrule the sole assignment of error.
Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., and MARY J. BOYLE, J., CONCUR
[1] Each kidnapping charge carried a sexual motivation specification.
[2] Sharp was also classified as a sexual predator.
[3] S.B. 2 is applicable to all offenses committed on or after that date. See State v. Rush, 83 Ohio St.3d 53, 1998Ohio-423, 697 N.E.2d 634, certiorari denied (1999), 525 U.S. 1151, 119 S.Ct. 1052,143 L.Ed.2d 58. *Page 1