{¶ 1} Defendant-appellant, Kareem Ali (Ali), appeals from the judgment of the Cuyahoga County Court of Common Pleas that resentenced him following remand by this court. For the reasons set forth below, we affirm the trial court's order.
 {¶ 2} Ali was convicted of felony murder with a firearm specification, aggravated robbery with a three-year gun specification, and having a weapon while under disability. At Ali's first sentencing hearing on October 11, 2002, he was sentenced to maximum, consecutive terms of imprisonment, totaling twenty-eight years to life. Ali appealed his sentence on November 19, 2002. See State v. Ali, Cuyahoga App. 82076,2004-Ohio-1782 (Ali I.)
 {¶ 3} In Ali I, we found the felony murder conviction to be supported by sufficient evidence and found no error in imposing the maximum sentence. However, in this initial appeal, which was decided prior to the seminal decisions of Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531 and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we found that the trial court erred in imposing consecutive sentences without making the specific finding that the sentences were not disproportionate to the danger he posed to the public and the court failed to set forth its reasons in support of consecutive sentences. In our opinion of April 8, 2004, we vacated the sentence and remanded the matter for resentencing.
 {¶ 4} On remand, the trial court resentenced Ali on August 5, 2004, imposing the same sentence: maximum, consecutive terms of imprisonment totaling twenty-eight years to *Page 4 
life. Ali appealed this sentencing order on September 4, 2004. SeeState v. Ali, Cuyahoga App. No. 85234, 2005-Ohio-4815 (Ali II.)
 {¶ 5} In Ali II, appellant filed a second appeal challenging the trial court's reimposition of the maximum, consecutive sentence of imprisonment, contending that the sentence violated his constitutional right to a jury trial. Specifically, he contended that this consecutive sentence was inconsistent with the U.S. Supreme Court decision inBlakely.
 {¶ 6} In Ali II, we relied on this court's en banc decision inState v. Lett, Cuyahoga App. Nos. 84707 and 84729, 2005-Ohio-2665, holding that R.C. 2929.14(C) and (E), which at that time governed the imposition of maximum and consecutive sentences, did not implicate theSixth Amendment as construed in Blakely. Therefore, based onLett, we affirmed the court's sentence on October 4, 2005. Our decision in Lett was overruled by In re Ohio Criminal Sentencing StatutesCases, 109 Ohio St.3d 313, 2006-Ohio-2109. State v. Gouch, Cuyahoga App. No. 87116, 2006-Ohio-3603.
 {¶ 7} Ali appealed this decision to the Ohio Supreme Court, which accepted the discretionary appeal in State v. Ali, 108 Ohio St.3d 1471,2006-Ohio-665, and held the case for the decision in Foster. The Ohio Supreme Court reversed our second decision and remanded the case to the trial court for resentencing pursuant to In re Ohio Criminal SentencingStatutes Cases and under the authority of Foster. On December 13, 2006, the trial court sentenced Ali on remand from the Ohio Supreme Court for a third time, imposing the identical sentence: maximum, consecutive terms of imprisonment, totaling twenty-eight *Page 5 
years to life. On August 20, 2007, Ali's motion for leave to file delayed appeal was granted by this court.
 {¶ 8} The sole issue presented by this appeal is as follows:
 "DEFENDANT WAS IMPROPERLY SENTENCED TO MORE THAN THE MINIMUM, CONSECUTIVE TERMS OF IMPRISONMENT WITHOUT FINDINGS BY A JURY OR ADMISSIONS OF THE FACTS FORMERLY REQUIRED BY R.C. 2929.14."
 {¶ 9} Ali argues that he was improperly sentenced to more than the minimum, consecutive terms of imprisonment without findings by a jury or admission of the facts formerly required by R.C. 2929.14. Subsumed in this assignment of error is his argument that the retroactive application of the Foster remedy is unconstitutional because it deprived him of the presumptive minimum, less than maximum and concurrent terms of imprisonment as set forth in the sentencing statute in effect at the time the offenses were committed. Specifically, he argues that the Ex Post Facto and Due Process Clauses of the United States and Ohio Constitutions forbid retroactively imposing a sentence which does not comply with the protections offered by the sentencing statutes in effect when the offense was committed, to wit, R.C. 2929.14, or in resentencing him under a different and more onerous statute.
 {¶ 10} Ali acknowledges that this court has previously rejected the argument presented by this assignment; namely, that the application ofFoster to his case violates his federal constitutional rights. Presumably, he raises it to preserve the issue for future review. Impliedly, he argues that the United States Supreme Court's decision inBlakely mandates a "presumptive minimum" sentence, and that imposition of anything other than a minimum *Page 6 
sentence violates the Ex Post Facto and Due Process Clauses of the United States Constitution.
 "On February 27, 2006, the Ohio Supreme Court decided State v. Foster, * * * and declared unconstitutional those provisions of the felony sentencing statutes which required `judicial fact-finding' before the court could impose more than a minimum sentence, maximum sentence, or consecutive sentence. The Foster Court severed these statutes, R.C. 2929.14(B), (C), and (E)(4) and held that `[a]fter the severance, judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant' and `before imposition of consecutive prison terms.'" State v. Doing, Cuyahoga App. No. 89247, 2007-Ohio-6316, quoting Foster at paragraphs one and three of the syllabus.
 {¶ 11} In addressing this assignment, we note our recent observations in State v. Vaughan, Cuyahoga App. No. 90136, 2008-Ohio-3027. "As an intermediate appellate court, we are bound by the Foster decision and cannot overrule it or declare it unconstitutional. * * * [T]his court has previously addressed and rejected the argument that the imposition of more than a minimum sentence violates the due process clause or the ex post facto clause. See State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715."
 {¶ 12} Within Ali's assignment of error, he also contends that the rule of lenity bars interpretation of a sentencing statute in a manner most favorable to the state and least advantageous to affected defendants. This court has also recently addressed this argument inState v. Rosado, Cuyahoga App. No. 88504, 2007-Ohio-2782, and rejected it by stating:
 "Application of the rule of lenity is appropriate only if there is an ambiguity in the statute. There is no ambiguity here. Foster severed the portions of the statute which created a presumption in favor of a minimum term as well as the portion which required judicial fact-finding to overcome that presumption. Consequently, there is no ambiguity as to whether imposition of the statutory minimum sentence is required." Id. at ¶ 12. (Internal citations omitted.) *Page 7 
 {¶ 13} Based on the foregoing, we find that the trial court did not err in its most recent resentencing of Ali. The trial court was not required to sentence him to minimum and concurrent prison terms. Consistent with the Ohio Supreme Court's decision in Foster, the trial court was within its discretion to impose a sentence within the basic statutory ranges set forth in R.C. 2929.14(A), and was no longer required to make findings or give its reasons for imposing the maximum, consecutive, or more than the minimum sentence.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, P.J., and KENNETH A. ROCCO, J., CONCUR *Page 1