JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Mario Redding ("Redding"), appeals his sentences in four separate cases. Finding no merit to the appeal, we affirm.
 {¶ 2} In November 2006, Redding was charged in Case No. CR-488527 with drug possession, drug trafficking, and possessing criminal tools.[1]
He was also charged in Case No. CR-489092 with two counts of drug trafficking, two counts of drug possession, and possessing criminal tools.[2]
 {¶ 3} In June 2007, Redding was charged in Case No. CR-497723 with two counts of drug trafficking, two counts of drug possession, carrying a concealed weapon, having a weapon while under disability, and possessing criminal tools.[3] In July 2007, he was charged in Case No. CR-499192 with aggravated vehicular homicide, failure to stop after an accident, and tampering with evidence.[4]
 {¶ 4} In November 2007, the court conducted a guilty plea hearing on all four of Redding's cases. In Case No. CR-488527, Redding pled guilty to an amended count of drug possession, which carried a one-year firearm specification. In Case No. CR-489092, he pled guilty to drug trafficking with the juvenile specification attached and an amended count of drug trafficking, with the juvenile specification *Page 4 
dismissed. In Case No. CR-497723, he pled guilty to an amended charge of drug trafficking. In Case No. CR-499192, he pled guilty to aggravated vehicular homicide, with the driving under suspension specification attached.[5]
 {¶ 5} In Case No. CR-488527, the trial court sentenced Redding to five years on the drug possession charge and one year on the firearm specification for a total of six years in prison. In Case No. CR-489092, he was sentenced to nine years on the amended drug trafficking charge and five years on the remaining drug trafficking charge, to be served concurrently, for a total of nine years in prison. The court also sentenced Redding to pay a total of $15,000 in drug fines. In Case No. CR-497723, the trial court sentenced him to five years in prison. The trial court also imposed a $5,000 drug fine. In Case No. CR-499192, the trial court sentenced him to eight years in prison and suspended his driver's license for life. The court ordered that the sentences in the three drug cases be served concurrently, but consecutive to the vehicular homicide case, for an aggregate of 17 years in prison.
 {¶ 6} Redding now appeals, raising two assignments of error for our review. In the first assignment of error, he argues that the trial court erred and abused its discretion when it imposed nonminimum prison sentences in violation of his due process rights and R.C. 2929.11 and2929.12. In the second assignment of error, he argues that the trial court erred and abused its discretion by sentencing him to serve consecutive sentences without properly considering the factors set forth in *Page 5 
R.C. 2929.11 and 2929.12. We will discuss both assignments of error together as they involve the same evidence and standard of review.
 Standard of Review {¶ 7} In State v. Kalish, Slip Opinion No. 2008-Ohio-4912, the Ohio Supreme Court recently addressed our standard of review for felony sentences. The Kalish court, in a split decision, declared that in applying, State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856,845 N.E.2d 470, to the existing statutes, appellate courts must apply a two-step approach." Kalish at ¶ 4.[6]
 {¶ 8} Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at ¶ 4, 14, 18. If this first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. Id. at ¶ 4, 19.
 Step One-Is the Sentence Contrary to Law {¶ 9} In the first step of our analysis, we review whether the sentence is contrary to law as required by R.C. 2953.08(G). Id. at ¶ 14.
 {¶ 10} As the Kalish court noted and as Redding concedes, post-Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Foster, paragraph seven of the *Page 6 
syllabus, State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855,846 N.E.2d 1, at paragraph three of the syllabus. See, also, State v.McCarroll, Cuyahoga App. No. 89280, 2007-Ohio-6322; State v. Sharp, Cuyahoga App. No. 89295, 2007-Ohio-6324; State v. AH, Cuyahoga App. No. 90301, 2008-Ohio-4449. The Kalish court declared that althoughFoster eliminated mandatory judicial fact-finding, it left R.C. 2929.11
and 2929.12 intact. Kalish at ¶ 13. As a result, the trial court must still consider these statutes when imposing a sentence. Id. at ¶ 13, citing Mathis at ¶ 38.
 {¶ 11} R.C. 2929.11 (A) provides that a "court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 12} R.C. 2929.12 provides a nonexhaustive list of factors a trial court shall consider when determining the seriousness of the offense and the likelihood that this offender will commit future offenses.
 {¶ 13} The Kalish court also noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14. Id. at ¶ 17. Rather, they "serve as an *Page 7 
overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. Thus, "[i]n considering these statutes in light of Foster, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.
 {¶ 14} Redding argues that the trial court failed to properly consider the factors in R.C. 2929.11 and 2929.12 when imposing his sentences. We disagree.
 {¶ 15} In the instant case, the trial court expressly stated that it considered all the purposes and principles of R.C. 2929.11, as well as the factors in R.C. 2929.12. Furthermore, the court properly applied postrelease control, and Redding's sentences are within the permissible statutory ranges. Thus, we find that his sentences are not contrary to law. See Kalish at ¶ 18.
 Step Two-Abuse of Discretion {¶ 16} Having satisfied step one, we next review whether the trial court abused its discretion. Kalish at ¶ 4, 19. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quotingState v. Adams (1980) 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
 {¶ 17} In the instant case, Redding argues that the trial court abused its discretion by imposing nonminimum, consecutive sentences. We disagree.
 {¶ 18} A review of the record reveals that the trial court considered the *Page 8 
statutory factors under R.C. 2929.11 and 2929.12. The court acknowledged that although Redding had never been convicted of a felony prior to these guilty pleas, he was involved in several serious cases within a short period of time. The court also noted that Redding displayed a high degree of recidivism, and the aggravated vehicular homicide occurred while he was released on bond on his three pending drug cases. Thus, there is nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary or unconscionable.[7]
 {¶ 19} Therefore, we find that first and second assignments of error lack merit.
Judgment is affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 9 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR
[1] Both the drug possession and drug trafficking charges carried a one-year firearm specification.
[2] Both drug trafficking charges carried a juvenile specification.
[3] Both drug trafficking charges and one of the drug possession charges carried a one-year firearm specification.
[4] The aggravated vehicular homicide charge carried a driving under suspension specification.
[5] The remaining counts in all four cases were nolled.
[6] We recognize Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances.
[7] Redding also contends that his sentences are inconsistent with sentences imposed upon similar offenders in violation of R.C. 2929.11(B). However, this court has previously held that in order to support a contention that a "sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal." State v. Edwards, Cuyahoga App. No. 89191, 2007-Ohio-6068.
Because Redding did not raise the proportionality issue in the trial court, he has not preserved the issue for appeal. Thus, we decline to address this argument for the first time on appeal. *Page 1