JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Demetreus Logan ("Logan"), appeals his five-year sentence on his failure-to-comply conviction. Finding no merit to the appeal, we affirm.
 {¶ 2} In October 2007, Logan was charged with failure to comply with a police officer's order, drug trafficking, possession of criminal tools, and three counts of drug possession.[1] Logan pled guilty to the first three offenses and one count of drug possession. The remaining charges were nolled. The trial court sentenced him to a total of six years in prison.
 {¶ 3} Logan appeals, raising one assignment of error in which he argues that the trial court erred in imposing the maximum sentence for failure to comply. He claims that the trial court failed to consider R.C. 2929.11 and imposed a disproportionate sentence.
 Standard of Review {¶ 4} In State v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912,896 N.E.2d 124, the Ohio Supreme Court recently addressed our standard of review for felony sentences. The Kalish court, in a split decision, declared that in applying *Page 4 State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts "must apply a two-step approach."Kalish at ¶ 4.[2]
 {¶ 5} Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at ¶ 4. If this first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. Id. at ¶ 4, 19.
 Step One-Is the Sentence Contrary to Law? {¶ 6} In the first step of our analysis, we review whether the sentence is contrary to law as required by R.C. 2953.08(G). Id. at ¶ 14.
 {¶ 7} As the Kalish court noted, post-Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Id. at ¶ 11;Foster, paragraph seven of the syllabus; State v. Mathis,109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. See, also, State v. Redding, Cuyahoga App. No. 90864, 2008-Ohio-5739;State v. Ali, Cuyahoga App. No. 90301, 2008-Ohio-4449; State v.McCarroll, Cuyahoga App. No. 89280, 2007-Ohio-6322; State *Page 5 v. Sharp, Cuyahoga App. No. 89295, 2007-Ohio-6324. The Kalish court declared that although Foster eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. Kalish at¶ 13. As a result, the trial court must still consider these statutes when imposing a sentence. Id., citing Mathis at ¶ 38.
 {¶ 8} R.C. 2929.11 (A) provides that:
 {¶ 9} "[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 10} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.
 {¶ 11} The Kalish court also noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14. Kalish at ¶ 17. Rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. Thus, "[i]n considering these statutes in light of Foster, the trial *Page 6 
court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.
 {¶ 12} Logan argues that the trial court failed to properly consider the factors in R.C. 2929.11 when imposing his sentence and considered "improper matters." We disagree.
 {¶ 13} In the instant case, the trial court expressly stated that it considered the purposes of R.C. 2929.11 and all factors required by law. Furthermore, Logan's sentence is within the permissible statutory range of one to five years. Thus, we find that his sentence is not contrary to law.
 Step Two-Abuse of Discretion {¶ 14} Having satisfied step one, we next consider whether the trial court abused its discretion. Kalish at ¶ 4, 19. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. at¶ 19, citing Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450
N.E.2d.
 {¶ 15} A review of the record reveals that the trial court considered the statutory factors under R.C. 2929.11. Here, the trial court learned that Logan had led Cleveland police on a lengthy and dangerous high-speed chase during rush hour.[3] The trial court also recounted Logan's criminal history and noted *Page 7 
that he displayed a high degree of recidivism. We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. We also find no abuse of the court's discretion in allowing the officer to describe the chase rather than merely reviewing a presentence report. Accordingly, the trial court did not abuse its discretion in imposing the maximum five-year sentence.
 Sentence Proportionality {¶ 16} Logan also argues that his sentence is contrary to law because the trial court failed to consider the issue of consistency and proportionality of his sentence to those imposed on similar offenders, thereby violating R.C. 2929.11(B).
 {¶ 17} However, this court has previously held that in order to support a claim that a "sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal." State v. Edwards, Cuyahoga App. No. 89191, 2007-Ohio-6068. See, also, Redding. *Page 8 
 {¶ 18} In the instant case, Logan did not raise the issue of proportionality before the trial court. Accordingly, he has not preserved the issue for appeal. Thus, we decline to address this argument for the first time on appeal.
 {¶ 19} Therefore, the sole assignment of error is overruled.
 {¶ 20} Accordingly, judgment is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., AND MARY J. BOYLE, J., CONCUR
[1] Each of these charges carried forfeiture specifications.
[2] We recognize Kalish is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances.
[3] Logan argues that the court relied upon improper matters by permitting a police officer to describe the circumstances under which the crime occurred. *Page 1