The STATE of Ohio, Appellee,

v.

REED, Appellant.

[Cite as *State v. Reed,* 192 Ohio App.3d 657, 2011-Ohio-308.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 94197.

Decided Jan. 27, 2011.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Mahmoud Awadallah and Matthew E. Meyer, Assistant County Prosecuting Attorneys, for appellee.

Joseph Vincent Pagano, for appellant.

COLLEEN CONWAY COONEY, Judge.

{¶ 1} Defendant-appellant, Jalal Reed, appeals his sentence for felonious assault and child endangering. Finding no merit to the appeal, we affirm.

{¶ 2} In May 2009, Reed was charged with two counts of felonious assault and one count of child endangering in connection with injuries sustained by his four-month-old son ("J.R."). The infant suffered two subdural hemorrhages, plus dozens of fractures, lacerations, and bruises. Medical testing determined that these injuries did not occur all at once, but rather over a period of weeks. Reed and the infant's birth mother initially claimed that a babysitter had abused the child, but no such babysitter was found to exist.

{¶ 3} Reed pleaded guilty to all three counts and was sentenced to seven years on each count of felonious assault and three years on the count of child endangering. All terms were ordered to be served consecutively, for a total of 17 years.

{¶ 4} Reed now appeals his sentence, raising two assignments of error.

## Consecutive Sentences

{¶ 5} In his first assignment of error, Reed argues that his consecutive sentences are contrary to law and an abuse of discretion.

{¶ 6} We review felony sentences using the *Kalish* framework. *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. *Kalish,* in a split decision, declared that in applying *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts "must apply a two-step approach." *Kalish* at ¶ 4.[1]

---

1. We recognize that *Kalish* is merely persuasive and not necessarily controlling, because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances.

{¶ 7} Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at ¶ 4. If this first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. Id. at ¶ 4 and 19.

{¶ 8} In the first step of our analysis, we review whether the sentence is contrary to law, as required by R.C. 2953.08(G).

{¶ 9} As *Kalish* noted, after *Foster*, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 11; *Foster*, paragraph seven of the syllabus; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. See also *State v. Redding*, Cuyahoga App. No. 90864, 2008-Ohio-5739, 2008 WL 4812477; *State v. Ali*, Cuyahoga App. No. 90301, 2008-Ohio-4449, 2008 WL 4078441; *State v. McCarroll*, Cuyahoga App. No. 89280, 2007-Ohio-6322, 2007 WL 4200759; *State v. Sharp*, Cuyahoga App. No. 89295, 2007-Ohio-6324, 2007 WL 4200755. *Kalish* declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at ¶ 13. As a result, the trial court must still consider these statutes when imposing a sentence. Id., citing *Mathis* at ¶ 38.

{¶ 10} R.C. 2929.11(A) provides:

{¶ 11} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 12} R.C. 2929.12 provides a nonexhaustive list of factors that a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 13} *Kalish* also noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14.[2] *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896

---

**2.** In *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Ohio Supreme Court recently addressed *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 714, 172 L.Ed.2d 517, holding that *Ice* "does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *Foster*. Trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive

N.E.2d 124, at ¶ 17. Rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.

{¶ 14} In the instant case, we do not find Reed's sentence to be contrary to law. Reed's sentence is within the permissible statutory range for felonious assault set forth in R.C. 2903.11(A)(1), as a second-degree felony. In the sentencing journal entry, the trial court acknowledged that it had considered all factors of law and found that prison was consistent with the purposes of R.C. 2929.11. On these facts, we cannot conclude that his sentence is contrary to law.

{¶ 15} Having satisfied the first step, we next consider whether the trial court abused its discretion. *Kalish* at ¶ 4, 19. "An abuse of discretion is ' "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." ' " Id. at ¶ 19, quoting *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 16} The trial court did not abuse its discretion in imposing a 17–year prison sentence. The trial court allowed Reed and his counsel to advocate a lighter sentence. Reed informed the trial court that he had a nonviolent criminal history. He informed the trial court that he had no prior incidents or allegations of abuse involving his three older children. Reed explained that he was unfamiliar with caring for a four-month-old baby and had no idea that his "roughhousing" could be so harmful. The trial court responded to Reed's story of roughhousing with unveiled disbelief. The court characterized Reed's crimes as heinous.

{¶ 17} We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. The first assignment of error is overruled.

## Allied Offenses

{¶ 18} In his second assignment of error, Reed contends that felonious assault and child endangering are allied offenses of similar import and should have merged for purposes of sentencing. We disagree.

{¶ 19} R.C. 2941.25 prohibits the imposition of multiple punishments for the same criminal conduct. The statute provides:

sentences unless the General Assembly enacts new legislation requiring that findings be made." *Hodge* at paragraphs two and three of the syllabus.

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶ 20} In its recent decision in *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, the Ohio Supreme Court held: "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered. (*State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, overruled.)" Id. at paragraph one of the syllabus.

{¶ 21} We find the analysis set forth in Chief Justice Brown's lead opinion persuasive:[3] "In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other. [*State v. Blankenship* (1988)], 38 Ohio St.3d [116] 119, 526 N.E.2d 816 (Whiteside, J., concurring) * * *. If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

{¶ 22} "If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.' [*State v.*] *Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

{¶ 23} "If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." (Emphasis sic.) *Johnson* at ¶ 48–50.

{¶ 24} We begin by determining whether it is possible to commit felonious assault and child endangering with the same conduct. Felonious assault under R.C. 2903.11(A)(1) requires proof that the defendant (1) knowingly (2) caused (3) serious physical harm. Third-degree felony child endangering under R.C.

---

3. We recognize that Chief Justice Brown's opinion failed to garner a majority and is therefore not necessarily controlling.

2919.22(A) requires proof of (1) a parent, guardian, custodian, person having custody or control, or person in loco parentis (2) of a minor child (3) recklessly (4) creating a substantial risk to the health or safety of the child (5) by violating a duty of care, protection, or support, (6) resulting in serious physical harm to the child. The consequence of both these offenses is serious physical harm. One single act of physical violence could result in serious physical harm under both statutes. It is therefore possible to commit one of these offenses and to likewise commit the other, with the same conduct.

{¶ 25} Having answered the first inquiry in the affirmative, we now determine whether the offenses in the instant case were actually committed by the same conduct. This court invited supplemental briefs from the parties to address the recent decision in *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The state argues that Reed's convictions for felonious assault and child endangering should not merge because they are based on two separate acts with different conduct.

{¶ 26} It is undisputed that J.R. was physically abused on April 28, 2009. This instance of abuse constitutes the specific conduct for the second felonious-assault conviction. The record contains evidence that on April 28, J.R. lost consciousness in the morning. Reed's codefendant, J.R.'s mother, stated that it was as early as 7:00 a.m. However, no call was made to EMS until that evening, at approximately 7:00 p.m. When EMS arrived that evening, J.R. screamed when the technician held him. In her statement, the EMS technician said that anyone around J.R. or someone handling him that day would have known that the child was in extreme pain. Reed's failure to call for medical help during the 12–hour period on April 28, during which J.R. fell in and out of consciousness, constituted child endangering.

{¶ 27} Moreover, Reed's failure to contact EMS is a distinct and separate act from the physical abuse and has a separate animus from the felonious assault. Based on this separate conduct, we find that felonious assault and child endangering are not allied crimes of similar import and therefore should not be merged pursuant to R.C. 2941.25.

{¶ 28} Reed's second assignment of error is overruled.

Judgment affirmed.

KILBANE and CELEBREZZE, JJ., concur.