[Cite as *State v. Reynolds*, 2012-Ohio-583.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96412**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## EDMOND REYNOLDS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-530504

**BEFORE:** Cooney, J., Stewart, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** February 16, 2012

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Erin Stone
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** Defendant-appellant, Edmond Reynolds ("Reynolds"), appeals his sentence for violating probation and community control sanctions. Finding no merit to this appeal, we affirm.

**{¶2}** In November 2009, Reynolds was indicted on one count of drug trafficking, two counts of drug possession, and one count of theft. He pled guilty to one count of drug possession and one count of theft. The remaining charges were nolled. His six-month prison sentence was suspended, and he was placed on 18 months of probation.

Reynolds was informed that if he violated probation, he could face a six-month prison term.

{¶3}   In addition, Reynolds was sentenced to 18 months of community control sanctions on the drug possession conviction.   The court ordered him to complete an outpatient drug treatment program, 100 hours community service, random drug testing, and fulfill case management and reporting requirements pursuant to probation and community control sanctions.   Reynolds was ordered to pay $80 in restitution, maintain employment, and complete the "Thinking For a Change" program.   The court explicitly warned Reynolds during sentencing that if he violated community control sanctions, he would receive 12 months in prison.

{¶4}   Eleven months later, in January 2011, Reynolds was brought before the trial court after violating community control sanctions.   The court revoked his community control sanctions and sentenced him to 12 months in prison.   Reynolds now appeals, raising one assignment of error in which he argues that his sentence is contrary to law and an abuse of discretion.   First, we note that his sentence is completed, and therefore his appeal is moot.

{¶5}   Nevertheless, we review felony sentences using the *Kalish* framework. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The *Kalish* court, in a split decision, declared that in applying *State v. Foster*, 109 Ohio St.3d 1,

2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts "must apply a two-step approach." *Kalish* at ¶ 4.

{¶6} Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at ¶ 4. If this first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. Id. at ¶ 4, 19.

{¶7} In the first step of our analysis, we review whether the sentence is contrary to law as required by R.C. 2953.08(G).

{¶8} As the *Kalish* court noted, post-*Foster*, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." *Id*. at ¶ 11; *Foster*, paragraph seven of the syllabus; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. *See also State v. Redding*, 8th Dist. No. 90864, 2008-Ohio-5739; *State v. Ali*, 8th Dist. No. 90301, 2008-Ohio-4449; *State v. McCarroll*, 8th Dist. No. 89280, 2007-Ohio-6322; *State v. Sharp*, 8th Dist. No. 89295, 2007-Ohio-6324. The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 13. As a result, the

trial court must still consider these statutes when imposing a sentence. *Id*., citing *Mathis* at ¶ 38.

{¶9} R.C. 2929.11(A) provides that:

> [A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶10} The *Kalish* court also noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14. *Kalish* at ¶ 17. Rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." *Id.*

{¶11} In the instant case, we do not find Reynolds's sentence contrary to law. His 12-month sentence is within the permissible statutory range for a community control violation in connection with his conviction for drug possession, a fifth degree felony. His six-month sentence is within the permissible statutory range for a probation violation

in connection with his conviction for theft, a first degree misdemeanor. The two sentences were ordered to run concurrently. Thus, we find the sentence is not contrary to law.

{¶12} Having satisfied the first step, we next consider whether the trial court abused its discretion. *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 4, 19. "An abuse of discretion is '"more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."'" *Id*. at ¶ 19, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

{¶13} Reynolds argues that the trial court abused its discretion by imposing a 12-month sentence in accordance with a blanket policy never to impose minimum sentences, as opposed to considering only the particular facts and circumstances of his case. However, after a thorough review of the record, we find that the trial court did not abuse its discretion in imposing a 12-month prison sentence. The transcript indicates that Reynolds was warned on more than one occasion that based on his recidivism, if he violated community control sanctions, he would be sentenced to 12 months in prison. In addition, the court heard from the probation officer who testified that Reynolds had not reported since February 11, 2010. The probation officer also testified that Reynolds failed to 1) complete the 100 hours of community service, 2) complete the "Thinking for a Change" program, 3) submit to random drug testing, 4) pay the $80 in restitution, and 5)

complete outpatient drug treatment. When asked if Reynolds had done "anything," the officer indicated that Reynolds had done "nothing." Thus, it is clear that the trial court imposed a sentence directly related to the specific facts and circumstances of this case and not pursuant to a policy.

{¶14} Moreover, during both the original sentencing and the subsequent imposition of sentence after the violations, the court allowed defense counsel the opportunity to advocate for mitigation of any penalty. The court also allowed Reynolds to address the court. Before imposing sentence, the court discussed Reynolds's extensive criminal history and his repeated violations of probation and community control sanctions.

{¶15} Thus, we find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. Accordingly, Reynolds's sole assignment of error is overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., CONCURS;
MARY EILEEN KILBANE, J., CONCURS IN JUDGMENT ONLY