[Cite as *State v. Ward*, 2012-Ohio-1199.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97219**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# HAROLD WARD

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549425

**BEFORE:** Cooney, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** March 22, 2012

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Gregory Mussman
Assistant County Prosecutor
9th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** Defendant-appellant, Harold Ward ("Ward"), appeals his sentences for rape, felonious assault, and tampering with evidence. Finding no merit to this appeal, we affirm.

**{¶2}** In May 2011, Ward was indicted on nine counts. In July 2011, he accepted a plea agreement, pleading guilty to one count of rape with a sexual offender specification, one count of felonious assault, and one count of tampering with evidence. All remaining counts were nolled. The court sentenced him to ten years in prison for rape, five years for felonious assault, and five years for tampering with evidence. All three sentences were ordered to run consecutively, for a total of 20 years in prison.

**{¶3}** Ward now appeals, raising two assignments of error.

Consecutive Sentences

**{¶4}** In his first assignment of error, Ward argues that the trial court erred in imposing consecutive sentences. He argues that the court failed to perform the statutorily mandated fact-finding functions under R.C. 2929.14.

**{¶5}** Ward was sentenced prior to September 30, 2011, when H.B. 86 became effective, thus we review Ward's felony sentences using the *Kalish* framework.[1] *State*

---

[1] H.B. 86 "revives" judicial fact-finding prior to imposing consecutive sentences, set forth in R.C. 2929.14(C)(4). *See State v. Du*, 2d Dist. No. 2010-CA-27, 2011-Ohio-6306, at ¶ 23.

*v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The *Kalish* court, in a split decision, declared that in applying *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts "must apply a two-step approach." *Kalish* at ¶ 4.

**{¶6}** Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Id.* at ¶ 4. If this first prong is satisfied, then we next review the trial court's decision under an abuse-of-discretion standard. *Id.* at ¶ 4, 19.

**{¶7}** In the first step of our analysis, we review whether the sentence is contrary to law as required by R.C. 2953.08(G).

**{¶8}** As the *Kalish* court noted, post-*Foster*, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." *Id.* at ¶ 11; *Foster*, paragraph seven of the syllabus; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. *See also State v. Redding*, 8th Dist. No. 90864, 2008-Ohio-5739; *State v. Ali*, 8th Dist. No. 90301, 2008-Ohio-4449; *State v. McCarroll*, 8th Dist. No. 89280, 2007-Ohio-6322; *State v. Sharp*, 8th Dist. No. 89295, 2007-Ohio-6324. The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C.

2929.11 and 2929.12 intact. *Kalish* at ¶ 13. As a result, the trial court must still consider these statutes when imposing a sentence. *Id.*, citing *Mathis* at ¶ 38.

{¶9} R.C. 2929.11(A) provides that:

[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

{¶10} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶11} The *Kalish* court also noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14.[2] *Kalish* at ¶ 17. Rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." *Id.* Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." *Id.*

---

[2] In *State v. Hodge*, 128 Ohio St.3d 1, 941 N.E.2d 768, 2010-Ohio-6320, the Ohio Supreme Court addressed *Oregon v. Ice*, 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009), holding that *Ice* "does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *Foster*. Trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *Hodge* at paragraphs two and three of the syllabus.

**{¶12}** In the instant case, we do not find Ward's sentence contrary to law. His sentence is within the permissible statutory range for felonious assault, set forth in R.C. 2903.11, a second degree felony; rape, set forth in R.C. 2907.02(A)(2), a first degree felony; and tampering with evidence, set forth in R.C. 2921.12(A), a third degree felony. In the sentencing journal entry, the trial court acknowledged that it had considered all factors of law and found that prison was consistent with the purposes of R.C. 2929.11. On these facts, we cannot conclude that his sentence is contrary to law.

**{¶13}** Having satisfied the first step, we next consider whether the trial court abused its discretion. *Kalish* at ¶ 4, 19. An "abuse of discretion" is "'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 NE2d 144 (1980).

**{¶14}** Ward argues that the trial court abused its discretion in ordering that his sentences run consecutively. However, after a thorough review of the record, we find that the trial court did not abuse its discretion in imposing a 20-year prison sentence. The trial court properly considered the factors in R.C. 2929.12 and adhered to the purposes and principles of sentencing set forth in R.C. 2929.11. At the sentencing hearing, the court expressed outrage in regard to the crimes and the terror Ward inflicted on his victim. The court also noted that Ward had a prior first degree felony conviction. Thus, although the court was not required to make findings on the record to justify its

sentence, the record demonstrates that the court considered the applicable factors and principles, including recidivism factors and the need to punish the offender.

**{¶15}** Moreover, the transcript reflects that Ward was given several opportunities to withdraw his plea after learning that consecutive sentences were possible. During Ward's plea hearing, the State specifically indicated that the three-count plea agreement did not involve allied offenses and the trial court would have discretion whether to impose consecutive sentences. When asked by the court if Ward understood this, Ward's counsel agreed. (Plea Hearing Tr. 7.) Ward's counsel accepted the State's recitation of the plea agreement as "a correct and complete outline." At the conclusion of the plea hearing, the trial court gave Ward two additional opportunities to withdraw his plea after being informed that consecutive sentences were possible. Twice Ward's counsel verbally declined to withdraw the plea, and once Ward personally answered the court's question and declined to withdraw his plea.

**{¶16}** Thus, we find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. Accordingly, the first assignment of error is overruled.

### Allied Offenses

**{¶17}** In his second assignment of error, Ward argues that the trial court failed to merge his convictions as allied offenses at sentencing.

{¶18} Ward entered into a plea agreement whereby six of the nine counts were nolled on the condition he plead guilty to rape, felonious assault, and tampering with evidence. At the hearing, the State stipulated that the charges were not allied offenses, as the following discussion demonstrates:

> THE STATE: So for the record, Your Honor, we would — Also, the State would submit these are not allied offenses. You would have discretion whether or not to impose consecutive sentences for each of these counts.

> THE COURT: Mr. Haller [defense counsel], do you agree they're not allied offenses?

> DEFENSE COUNSEL: May I have a moment, Your Honor? Yes, Your Honor.

{¶19} When asked to address the court, defense counsel reiterated his affirmation of the State's presentation of the plea agreement by saying, "[t]hat is a correct and complete outline of the post-plea agreement in this matter." Thus, defense counsel agreed the offenses were not allied.

{¶20} The Ohio Supreme Court, in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1922, N.E.2d 923, ¶ 29, specifically declared:

> With respect to the argument that the merger of allied offenses will allow defendants to manipulate plea agreements for a more beneficial result than they bargained for, we note that nothing in this decision precludes the state and a defendant from stipulating in the plea agreement that the offenses were committed with separate animus, thus subjecting the defendant to more than one conviction and sentence. When the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense.

In the instant case, the plea agreement is not silent as to the issue of allied offenses. The transcript clearly shows that the State and defense counsel agreed that the offenses were not allied, and thus this issue is waived.

{¶21} Furthermore, the facts of this case support a finding that Ward's three offenses are not allied offenses of similar import; thus, the court did not err in failing to merge them. The Ohio Supreme Court redefined the test for determining allied offenses of similar import subject to merger under R.C. 2941.25 in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. The *Johnson* court expressly overruled *State v. Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999), which required a "comparison of the statutory elements in the abstract" to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. The *Johnson* court held that rather than compare the elements of the crimes in the abstract, courts must consider the defendant's conduct. *Johnson* at syllabus. "If multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Id.*, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 50, (Lanzinger, J., dissenting).

{¶22} Pursuant to *Johnson*, the State has set forth separate acts of conduct that show Ward raped the victim by forcing her to engage in intercourse. He then tampered with evidence when he forced the victim to bathe, thus washing away critical evidence.

And finally, he committed felonious assault by forcing the victim down a flight of stairs, causing her to fall and break her arm.   Therefore, the three offenses do not merge under the facts of this case.

**{¶23}** Accordingly, Ward's second assignment of error is overruled.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR