OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Nigile Montgomery, *Page 2 
filed February 6, 2008. The procedural history of this matter is set forth in the trial court's "Decision, Entry and Order Overruling Defendant's Motion for Withdrawal of Guilty Plea filed 1-8-08," as follows:
 {¶ 2} ""[O]n February 6, 2006, the Defendant entered `Alford' guilty pleas [in Case No. 2004 CR 4295] and also in Case No. 2004 CR 4585. In [Case No. 2004 CR 4295] the Defendant entered pleas to three (3) counts of Rape, one (1) count of Aggravated Burglary, one (1) count of Kidnaping, and one (1) count of Felonious Assault. In Case No. 2006 CR 4585, the Defendant entered pleas to two (2) counts of Rape, two (2) counts of Aggravated Burglary, and one (1) count of Gross Sexual Imposition. In exchange for the pleas, the State of Ohio agreed to dismiss additional charges of two (2) counts of Rape, one (1) count of Aggravated Robbery, one (1) count of Kidnaping and one (1) count of Abduction in [Case No. 2004 CR 4295], and the State agreed to dismiss additional charges of three (3) counts of Rape, and one (1) count of Aggravated Burglary in Case No. 2004 CR 4585. As part of the plea agreement, the State and the Defendant agreed that he would be sentenced to prison for a period of time between twenty-two and thirty-five years, to be determined at the discretion of the court. The Defendant was sentenced on those charges on February 21, 2006. * * * After an appeal, the cases were remanded to the trial court, consistent with the holding in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, solely for the purpose of re-sentencing the Defendant. On February 27, 2007, a new sentencing hearing was conducted and the Defendant was sentenced to an aggregate prison sentence of thirty-two years and three months in prison. Had there been no agreement on a range of sentencing, the Defendant could have received a maximum sentence of ninety-nine and a half years in prison on the charges to which he pled and an additional eighty-five *Page 3 
years in prison on the charges which were dismissed."
 {¶ 3} Montgomery's appellate counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,19 L.Ed.2d 493, stating that she could find no meritorious issues for appellate review. We notified Montgomery of his counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record.Penson v. Ohio (1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 4} Counsel for Montgomery asserts two potential assignments of error for our review. Counsel's first potential assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED WHEN IT USED IMPROPER FACTORS IN APPELLANT'S SENTENCING."
 {¶ 6} Counsel directs our attention to the trial court's comments while sentencing Montgomery on the charge of gross sexual imposition. The trial court remarked, "On January 28, 2001, you have a charge that you have been found guilty of gross sexual imposition. I can't help but think from the facts and circumstances that I reviewed that would have wound up in a rape but that your efforts were thwarted. The appropriate sentence on that case after reviewing the facts and circumstances is 15 months at the correctional reception center." According to Montgomery's counsel, "[b]ecause the trial court may have utilized facts (in sentencing) neither submitted to a jury and proved beyond a reasonable doubt or admitted by the defendant, this may be grounds for the vacation of Mr. Montgomery's sentence on the count of gross sexual imposition."
 {¶ 7} First, Montgomery's sentence on the gross sexual imposition charge is within the *Page 4 
statutory range for a felony of the fourth degree, and it is not the maximum sentence he could have received. R.C. 2907.05(A)(1); R.C. 2929.14(A)(4). Also, the trial court's remarks were merely speculative and do not amount to judicial fact-finding in violation ofFoster. Counsel's first potential assigned error lacks merit and is overruled.
 {¶ 8} Counsel's second potential assigned error is as follows:
 {¶ 9} "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE WHEN TRIAL COUNSEL FAILED TO OBJECT TO CONSECUTIVE SENTENCES."
 {¶ 10} "We review the alleged instances of ineffective assistance of trial counsel under the two prong analysis set forth in Strickland v.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, and adopted by the Supreme Court of Ohio in State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. Pursuant to those cases, trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Strickland, 466 U.S. at 688. To reverse a conviction based on ineffective assistance of counsel, it must be demonstrated that trial counsel's conduct fell below an objective standard of reasonableness and that his errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. Id. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel." (Internal citation omitted). State v. Mitchell, Montgomery App. No. 21957, 2008-Ohio-493, ¶ 31.
 {¶ 11} Nothing prevented the trial court from imposing consecutive sentences. Foster, ]f 105. Further, as the trial court noted in its decision, "As part of the plea agreement, the State *Page 5 
and the Defendant agreed that he would be sentenced to prison for a period of time between twenty-two and thirty-five years, to bedetermined at the discretion of the court"
 {¶ 12} Montgomery's sentence of thirty-two years and three months was within the agreed upon range, and of note is the number of additional charges against Montgomery that were dropped pursuant to the agreement. Counsel has failed to demonstrate how an objection to this sentence fell below an objective standard of reasonableness, and how, had counsel objected, the outcome would have been otherwise. Montgomery's second potential assigned error lacks merit and is overruled.
 {¶ 13} We have conducted a thorough and independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, the judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur. *Page 1