[Cite as *State v. Martinez*, 2011-Ohio-5832.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96222**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RAFAEL MARTINEZ

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-534788

**BEFORE:**   Cooney, J., Blackmon, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   November 10, 2011

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
1350 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mark J. Mahoney
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

**ALSO LISTED**

Rafael Martinez, pro se
Inmate No. 590-149
501 Thompson Road
P.O. Box 8000
Conneaut, Ohio 44030

COLLEEN CONWAY COONEY, J.:

{¶ 1} Defendant-appellant, Rafael Martinez ("Martinez"), appeals his convictions for aggravated vehicular assault, vandalism, driving under the influence ("OVI"), and child endangering. Finding no merit to this appeal, we affirm.

{¶ 2} In March 2010, Martinez was indicted on two counts of aggravated vehicular assault, one count of vandalism, one count of OVI, and three counts of child endangering. The charges stemmed from an accident that occurred when Martinez operated his vehicle while under the influence of alcohol, with his girlfriend and three children in the vehicle. Martinez lost control of the vehicle, crashing into a house and injuring the homeowner. Martinez pled guilty to one count of aggravated vehicular assault, one count of vandalism, one count of OVI, and one count of child endangering. The remaining three charges were nolled by the State. The court ordered a presentence investigation report for the sentencing hearing.

{¶ 3} The trial court sentenced Martinez to three years in prison for the aggravated vehicular assault charge, ten months for the vandalism charge, six months on the OVI charge, and six months on the child endangering charge. All sentences were ordered to run concurrently.

{¶ 4} Martinez now appeals, raising two assignments of error through counsel, and three assignments of error pro se.

Felony Sentence

**{¶ 5}** In his first assignment of error, Martinez argues that his sentence is contrary to law and an abuse of discretion. He raises this same argument in his pro se brief in the third assignment of error. These two assignments of error will be addressed together.

**{¶ 6}** We review felony sentences using the *Kalish* framework. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The *Kalish* court, in a split decision, declared that in applying *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, to the existing statutes, appellate courts "must apply a two-step approach." *Kalish* at ¶4.[1]

**{¶ 7}** Appellate courts must first "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at ¶4. If this first prong is satisfied, then we review the trial court's decision under an abuse-of-discretion standard. Id. at ¶4, 19.

**{¶ 8}** In the first step of our analysis, we review whether the sentence is contrary to law as required by R.C. 2953.08(G).

**{¶ 9}** As the *Kalish* court noted, post-*Foster*, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make

---

[1]  We recognize *Kalish* is merely persuasive and not necessarily controlling because it has no majority. The Supreme Court split over whether we review sentences under an abuse-of-discretion standard in some instances.

findings and give reasons for imposing maximum, consecutive or more than the minimum sentence." Id. at ¶11; *Foster*, paragraph seven of the syllabus; *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, paragraph three of the syllabus. See, also, *State v. Redding*, Cuyahoga App. No. 90864, 2008-Ohio-5739; *State v. Ali*, Cuyahoga App. No. 90301, 2008-Ohio-4449; *State v. McCarroll*, Cuyahoga App. No. 89280, 2007-Ohio-6322; *State v. Sharp*, Cuyahoga App. No. 89295, 2007-Ohio-6324. The *Kalish* court declared that although *Foster* eliminated mandatory judicial fact-finding, it left R.C. 2929.11 and 2929.12 intact. *Kalish* at ¶13. As a result, the trial court must still consider these statutes when imposing a sentence. Id., citing *Mathis* at ¶38.

{¶ 10} R.C. 2929.11(A) provides that:

"[A] court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing[,] * * * to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

{¶ 11} R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶ 12} The *Kalish* court also noted that R.C. 2929.11 and 2929.12 are not fact-finding statutes like R.C. 2929.14.[2] *Kalish* at ¶17. Rather, they "serve as an

---

[2] In *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Ohio Supreme Court addressed *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, holding that *Ice*

overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. Thus, "[i]n considering these statutes in light of *Foster*, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.

{¶ 13} In the instant case, we do not find Martinez's sentence contrary to law. His three-year sentence is within the permissible statutory range for aggravated vehicular assault, a third-degree felony, which carries a maximum penalty of six years in prison.

{¶ 14} In the sentencing journal entry, the trial court acknowledged that it had considered all factors of law and found that prison was consistent with the purposes of R.C. 2929.11. On these facts, we cannot conclude that the sentence is contrary to law.

{¶ 15} Having satisfied the first step, we next consider whether the trial court abused its discretion. *Kalish* at ¶4, 19. "An abuse of discretion is '"more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."'" Id. at ¶19, quoting *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

---

"does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *Foster*. Trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." *Hodge* at paragraphs two and three of the syllabus.

{¶ 16} Martinez argues that his sentence constitutes an abuse of discretion. However, after a thorough review of the record, we find that the trial court did not abuse its discretion in imposing a three-year prison sentence. The court allowed defense counsel the opportunity to advocate for mitigation of any penalty. The court also allowed Martinez to address the court. The judge spoke of Martinez's prior convictions and probation violations, including a prior OVI.

{¶ 17} We find nothing in the record to suggest that the trial court's decision was unreasonable, arbitrary, or unconscionable. Accordingly, these assignments of error are overruled.

## Allocution

{¶ 18} In his second assignment of error, Martinez argues that the court violated his right to due process by denying him his right to allocution.

{¶ 19} Crim.R. 32 describes the trial court's duty when imposing a sentence. Crim.R. 32(A)(1) provides in pertinent part:

{¶ 20} "* * * At the time of imposing sentence, the court shall do all of the following:

{¶ 21} "Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

{¶ 22} A thorough review of the record illustrates that during the sentencing hearing, the trial court addressed both defense counsel and Martinez directly, and afforded both a full opportunity to address the court. Defense counsel spoke extensively in favor of mitigation. (Tr. 25-32.) The court then engaged Martinez in a dialogue regarding the incident and his failure to maintain sobriety. Both defense counsel and Martinez were afforded the opportunity to argue for mitigation, although the court never specifically asked about mitigation. Martinez was therefore not denied his right of allocution.

{¶ 23} Accordingly, this assignment of error is overruled.

Voluntariness of Plea

{¶ 24} In his first pro se assignment of error, Martinez argues that the trial court erred in accepting his plea. He argues that the court violated rules governing amendments to indictments and that the indictment failed to advise him of the a material element of the crime with which he was charged.

{¶ 25} Martinez's alleged error arises out of the State's request to amend the original indictment. Prior to accepting Martinez's plea, the State asked to amend Count 5, child endangering, in the original indictment to include the name of a second victim, the victim listed in Count 6. Crim.R. 7(D) addresses amendments to criminal indictments, stating:

> "the court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection,

or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."

**{¶ 26}** Prior to accepting the amendment, the trial court asked defense counsel if he would "waive any defect in the indictment?" Counsel replied "[y]es, your Honor."

**{¶ 27}** Martinez argues that his plea was not knowingly and voluntarily made because he did not knowingly waive his right to a defective indictment. Martinez has failed to show how the addition of a second victim's name to Count 5 actually constituted a defect or how it prejudiced him in any way. Having originally been charged with three counts of child endangering (Counts 5, 6, 7), with three separately identified victims, Martinez was fully advised of all material details regarding his charges. Simply adding the name of one victim to one of the other counts, in light of the remaining two child endangering charges being nolled, does not warrant vacating his plea.

**{¶ 28}** Moreover, after a recitation of the plea agreement, the trial court directly addressed Martinez prior to accepting his plea and asked if he understood everything that had been said. Martinez responded affirmatively, without questioning the waiver or the amendment despite having the opportunity to raise the issue if he had been confused.

**{¶ 29}** The record shows that Martinez's plea was properly taken and that the trial court adhered to all the requirements of Crim.R. 11(C). Counsel's waiver of any defect in the original indictment did not invalidate Martinez's plea.

**{¶ 30}** Accordingly, this assignment of error is overruled.

<u>Ineffective Assistance of Counsel</u>

{¶ 31} In his second pro se assignment of error, Martinez argues that he was denied effective assistance of counsel.

{¶ 32} To reverse a conviction for ineffective assistance of counsel, the defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 2000-Ohio-448, 721 N.E.2d 52, citing *Strickland v. Washington* (1984), 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674.

{¶ 33} As to the second element of the test, the defendant must establish "that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus; *Strickland* at 686. In evaluating whether a petitioner has been denied effective assistance of counsel, the Ohio Supreme Court held that the test is "whether the accused, under all the circumstances, had a fair trial and substantial justice was done." *State v. Hester* (1976), 45 Ohio St.2d 71, 341 N.E.2d 304, paragraph four of the syllabus.

{¶ 34} This court must presume that a licensed attorney is competent and that the challenged action is the product of sound trial strategy and falls within the wide range of professional assistance. *Strickland* at 689. Courts must generally refrain from second-guessing trial counsel's strategy, even where that strategy is questionable, and

appellate counsel claims that a different strategy would have been more effective. *State v. Jalowiec*, 91 Ohio St.3d 220, 237, 2001-Ohio-26, 744 N.E.2d 163.

**{¶ 35}** Martinez alleges that he was denied effective assistance of counsel when his attorney waived any defect in the indictment. Having found that no error occurred in waiving any "defect" in the original indictment, we therefore find no merit to this argument.

**{¶ 36}** Martinez also argues that the original indictment constituted double jeopardy. The Fifth Amendment's Double Jeopardy Clause precludes successive prosecutions and successive punishments for the same criminal offense. *United States v. Dixon* (1993), 509 U.S. 688, 696, 113 S.Ct. 2849, 125 L.Ed.2d 556, citing *N. Carolina v. Pearce* (1969) 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. Regardless of the lack of successive prosecutions in the instant case, "[i]f proof of an additional element is required to sustain a conviction for one of the offenses, then the accused may be prosecuted for both offenses without violating the protection [recognized] by the Double Jeopardy Clause." *State v. Beard* (June 5, 1991), 12th Dist. No. CA98-02-019, at ¶13, citing *State v. Tolbert* (1991), 60 Ohio St.3d 89, 91, 573 N.E.2d 617.

**{¶ 37}** Martinez's indictment charged him with two counts of aggravated vehicular assault under two different statutes, R.C. 2903.08(A)(1)(a) and 2903.08(A)(2)(b). Thus, two separate charges with different elements in regard to the same act do not constitute double jeopardy.

{¶ 38} Accordingly, this assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, P.J., CONCURS;
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY