[Cite as *State v. Marton*, 2013-Ohio-3430.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99253**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# EDWARD MARTON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-561521

**BEFORE:** Rocco, J., Stewart, A.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 8, 2013

**ATTORNEY FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, Ohio   44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:    John Hanley
          Joseph J. Ricotta
Assistant Prosecuting Attorneys
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

**{¶1}** Defendant-appellant Edward Marton appeals from the six-year sentence he received after he pleaded guilty to 28 counts of pandering sexually oriented matter involving a minor (hereinafter referred to as "child pornography") and one count of possession of criminal tools ("PCT").

**{¶2}** Marton presents two assignments of error. He asserts that the trial court failed to adequately comply with statutory requirements when imposing consecutive terms on two of the counts. The state conceded Marton's claim of error at oral argument; therefore, his first assignment of error is sustained.

**{¶3}** Marton also asserts that his trial counsel rendered ineffective assistance for failing to object to the consecutive terms. Upon review of the record, this court finds that trial counsel's conduct did not fall below an objective standard of reasonable performance.

**{¶4}** Marton's sentences are reversed. In addition, the journal entry that memorializes Marton's guilty pleas is flawed. Therefore, this case is remanded for resentencing and correction of the journal entry to reflect what occurred on the record at the change-of-plea hearing.

**{¶5}** Marton originally was indicted in this case on 70 counts that were alleged to have taken place over a four-year period. Counts 1 through 68 charged Marton with child pornography in violation of R.C. 2907.322(A)(1) and (2). Count 69 charged

Marton with illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1). Count 70 charged him with PCT, to wit: two computers, a hard drive, and CDs and DVDs. Marton entered not guilty pleas to the charges.

{¶6} The record reflects Marton's retained defense counsel attended numerous pretrial hearings, filed several motions on his client's behalf, and obtained an expert report regarding the contents of Marton's computers. Nearly six months after Marton's indictment, the prosecutor informed the trial court that a plea agreement had been reached.

{¶7} As outlined by the prosecutor, in exchange for the state's dismissal of the remaining counts and the state's amendment of Count 69 to a child pornography charge, Marton would enter guilty pleas to 29 counts, i.e., Counts 11, 23, 24, 29, 34, 36, 37, 39, 43, 47, 49, 50, 52 through 62, 64, 65, 67, 68, amended 69, and 70. The record reflects the parties presented the trial court with a written plea agreement to that effect.[1] After the court accepted Marton's pleas, the court referred him for a presentence investigation report and set a date for sentencing.

{¶8} When the sentencing hearing commenced, the prosecutor presented a factual basis for the pleas, and the court informed Marton of his duties to register as a sexual offender. Defense counsel at that time pointed out that in conducting the plea colloquy, the trial court had neglected to mention Count 65 and the amendment to Count 69.

---

[1] This was labeled as "Court's Exhibit A," but the document does not appear in the record on appeal.

{¶9} With the agreement of all the parties, the trial court simply reopened the plea hearing only to correct the oversight and the mistake. Marton entered guilty pleas to Count 65 and an amended Count 69. The trial court accepted the pleas, noted that the correction did not affect "the presentence report or anything," and proceeded to the sentencing hearing. However, the trial court thereafter neglected to correct the journal entry that resulted from the original plea hearing.

{¶10} After hearing from the prosecutor, defense counsel, and Marton, the trial court imposed a prison term that totaled six years, i.e., three-year terms on all of the child pornography counts and six months on the PCT count, with Counts 11 and 23 to be served consecutively to each other and all other counts to be served concurrently.

{¶11} Marton appeals from the sentence imposed with two assignments of error, as follows.

> **I. The trial court erred by sentencing the appellant to serve consecutive sentences without submitting reasons in support pursuant to R.C. §2929.14(C).**
>
> **II. The failure to object to consecutive sentences or to request the findings of the court deprived the appellant his right to effective assistance of counsel.**

{¶12} Despite the language Marton uses in setting forth his first assignment of error, he actually argues that the trial court failed to make the required statutory findings when it ordered his sentences on Counts 11 and 23 to run consecutively. The state conceded this assignment of error during oral argument.

**{¶13}** This court has set forth the current law relating to consecutive sentences in *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891. The statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). In making these findings, a trial court is not required to use "talismanic words," however, it must be *clear from the record that the trial court actually made the findings required* by statute. *Venes* at ¶ 14, 17; *see also State v. Pierson*, 1st Dist. Hamilton No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998).

**{¶14}** The trial court stated as follows at Marton's sentencing hearing:

THE COURT: And when I look at the purposes and principles of sentencing, which is the Section 2929.11, [your sentence] must comply with these purposes and principles, to punish you for what you did, protect the public from future crime * * * using the minimum sanctions that * * * accomplishes the purpose without imposing an unnecessary burden on the State or local governments.

* * * [T]he victimization of these children on the internet is horrible, and it's continuing * * *.

* * * [C]hild pornography, you have to search it out. You have to look for it. * * * .

* * *

When you are in the privacy of your home and you are looking, when no one, you think no one is watching, "Let me see what these images are about," and you did that. You explored it. And, unfortunately, you got caught in this case.

So now what I have to decide is what's a fair and just sentence based upon other people who have been before me who have similar cases, and who have the same background as you, and I've also got to consider the need for incapacitation, detention, rehabilitation, and restitution.

And I should say that the purposes and principles of sentencing should be commensurate with and not demeaning to the seriousness of your conduct and the impact it had on the victim and consistent with sentences for similar crimes by similar people in your situation.

When I look at all those factors, Edward, what I'm going to do is, I'm going to sentence you * * * to three years on each of th[e] counts.

Count No[s]. 11 and 23 will run consecutive to each other, and the remainder will run concurrent with each other.

* * * Count No. 70, six months.

* * * No matter what sentence I imposed on this case, it's not going to be enough for the victims of these crimes * * * .

{¶15} The foregoing demonstrates that the trial court did not make each of the necessary findings. Because the record fails to demonstrate that the trial court complied with its duties under R.C. 2929.14(C)(4), and because the state has conceded the error, Marton's first assignment of error is sustained.

{¶16} In Marton's second assignment of error, he claims trial counsel rendered ineffective assistance because counsel failed to object to the trial court's imposition of consecutive sentences. Marton's argument is unpersuasive.

{¶17} This court reviews a claim of ineffective assistance of trial counsel under the two-prong analysis set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688.

**{¶18}** Therefore, in order to sustain a claim of ineffective assistance of counsel, appellant must demonstrate that (1) trial counsel's conduct fell below an objective standard of reasonableness, and (2) counsel's errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Id.* Marton cannot sustain this burden on the record before this court.

**{¶19}** The record reflects Marton's trial counsel worked hard on his behalf. Trial counsel accomplished the following: (1) he negotiated a beneficial plea agreement whereby the state dismissed more than half of the charges against Marton, (2) he made a very persuasive argument for leniency in the sentencing memorandum and during the sentencing hearing, and (3) he succeeded in obtaining an extremely light total prison sentence for his client, who had pleaded guilty to 28 second-degree felonies. *State v. Montgomery*, 2d Dist. Montgomery No. 22625, 2009-Ohio-1276, ¶ 12.

**{¶20}** As noted by this writer in *Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, at ¶ 31, trial courts face a dilemma with respect to felony sentencing in the wake of statutory changes and in the face of the conflicting precedents issued by the Ohio Supreme Court and this court. Trial counsel are faced with the same quandary. Thus, trial counsel in this case cannot be deemed ineffective for failing to object to an extremely light prison sentence.

**{¶21}** Moreover, because this court has determined the trial court's failure to comply with R.C. 2929.14(C)(4) makes his sentences "contrary to law," Marton cannot

demonstrate any prejudice occurred from trial counsel's omission. *Venes* at ¶ 17. Marton's second assignment of error is overruled.

{¶22} Marton's sentences are reversed, and this case is remanded to the trial court for resentencing and with an order to correct the journal entry that resulted from the plea hearing to reflect that Marton entered a guilty plea, in addition to the other counts listed, to Count 65 and an *amended* Count 69.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing and correction of the journal entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KENNETH A. ROCCO, JUDGE

MELODY J. STEWART, A.J., and
EILEEN A. GALLAGHER, J., CONCUR