[Cite as *State v. Hammond*, 2013-Ohio-3727.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99117**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## PARIS J. HAMMOND

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-558346

**BEFORE:** Kilbane, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 29, 2013

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender
John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Edward Fadel
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** Defendant-appellant, Paris Hammond ("Hammond"), appeals his sentence for two counts of felonious assault. For the reasons set forth below, we reverse and remand for resentencing.

**{¶2}** In January 2012, Hammond was charged in a ten-count indictment.[1] Count 1 charged him with attempted murder. Counts 2-7 charged him with felonious assault. Count 8 charged him with improperly discharging a firearm into a habitation. Count 9 charged him with the discharge of a firearm on or near a prohibited premises. Count 10 charged him with having a weapon while under disability. Each of Counts 1-9 carried one- and three-year firearm specifications.

**{¶3}** Pursuant to a plea agreement, Hammond pled guilty to two amended counts of felonious assault (Counts 2 and 4) with a three-year firearm specification. The one-year firearm specification on both counts was deleted and Counts 1, 3, and 5-10 were nolled. The trial court sentenced Hammond to three years in prison on the firearm specification in Count 2, to be served prior to seven years in prison on the amended felonious assault charge, and three years in prison on the firearm specification in Count 4, to be served prior to eight years in prison on the base felonious assault charge. The trial

---

[1]Hammond was a juvenile at the time of the offense and was bound over from juvenile court.

court merged the firearm specifications in both counts and ordered the base charges be served consecutively for a total of 18 years in prison.

{¶4} Hammond now appeals, raising the following sole assignment of error for review.

## Assignment of Error

The trial court erred by imposing consecutive sentences when it failed to make findings required by R.C. 2929.14(C)(4).

{¶5} In the sole assignment of error, Hammond argues that the trial court erred in sentencing him to consecutive sentences without making the required findings under R.C. 2929.14(C)(4).

{¶6} Recently, this court addressed the standard of review used by appellate courts when reviewing challenges to the imposition of consecutive sentences in *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891. In *Venes*, we held that the standard of review set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, was no longer valid. We stated:

> In [*Kalish*], the supreme court considered the relevant standard of review in the post-*Foster* era in which the findings necessary to impose consecutive sentences under former R.C. 2929.14(E)(4) had been declared unconstitutional. A plurality of the court held that R.C. 2953.08(G)(2) was inapplicable because it expressly related to "findings" that had been abrogated as unconstitutional. Instead, the plurality set forth the following method of reviewing criminal sentences: (1) is the sentence contrary to law and (2) if not, was it an abuse of discretion. *Id.* at ¶ 14-19.
>
> *Kalish*, as is any plurality opinion, is of "questionable precedential value." *See Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (1994). Nevertheless, panels of this court have found it persuasive, at least insofar

as it was applied to sentencing in the post-*Foster* era. *See, e.g.*, *State v. Martinez*, 8th Dist. No. 96222, 2011-Ohio-5832, ¶ 6, fn. 1.

The post-*Foster* era ended with the enactment of H.B. 86 and the revival of statutory findings necessary for imposing consecutive sentences under R.C. 2929.14(C)(4). By reviving the requirement for findings as a predicate for imposing consecutives, the ground offered by *Kalish* for rejecting the standard of review set forth in former R.C. 2953.08 — that it could not stand as a standard of review for a statute that improperly required findings of fact before imposing consecutive sentences — was nullified. With the basis for the decision in *Kalish* no longer valid, and given that *Kalish* had questionable precedential value in any event, we see no viable reasoning for continuing to apply the standard of review used in that case. Henceforth, we review consecutive sentences using the standard of review set forth in R.C. 2953.08.

*Venes* at ¶ 8-10.

**{¶7}** R.C. 2953.08(G)(2) provides two bases for a reviewing court to overturn the imposition of consecutive sentences: the sentence is "otherwise contrary to law," or the reviewing court clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

**{¶8}** R.C. 2929.14(C)(4) now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find the sentence is necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the trial court must find that at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under

postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.* at 2929.14(C)(4)(a)-(c).

{¶9} "In making these findings, a trial court is not required to use 'talismanic words,' however, it must be clear from the record that the trial court actually made the findings required by statute." *State v. Marton*, 8th Dist. Cuyahoga No. 99253, 2013-Ohio-3430, citing *Venes* at ¶ 14, 17; *State v. Pierson*, 1st Dist. Hamilton No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998).

{¶10} In the instant case, the trial court reviewed the presentence investigation report and heard from the victim through an impact letter and the victim's mother. The 15-year-old victim was sitting on a porch when he was struck by a bullet from a gun fired by Hammond. The victim is paralyzed, has damage to his liver and kidney, and a shattered tailbone. At the hearing, the trial court spoke about Hammond's criminal record, noting that new charges were filed against Hammond and his membership with the "Heartless Felons" gang. The court also spoke about the seriousness of the crime and the impact on the victim, the victim's family, and the community.

{¶11} Hammond contends that the trial court's discussion was insufficient to satisfy the findings under R.C. 2929.14(C)(4) with respect to that trial court finding that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. While we acknowledge that the trial court gave thorough consideration of the factors regarding the purposes and goals of criminal sentencing, we agree with Hammond in that the trial court must make separate and distinct findings when it imposes consecutive sentences. *Venes* at ¶ 17.

{¶12} The record in the instant case does not reflect that the trial court conducted the appropriate analysis required under R.C. 2929.14(C) in sentencing Hammond to consecutive terms. The trial court made no reference or mention of the findings necessary to support consecutive sentences.[2] The term "consecutive" was not discussed by the trial court until the court imposed the sentence. Thus, the trial court erred in imposing consecutive sentences without making the requisite findings.

{¶13} Accordingly, the sole assignment of error is sustained.

{¶14} Judgment is reversed and the matter remanded to the trial court for a resentencing hearing.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2]This court has previously stated that "[t]rial courts can ensure compliance with the sentencing statutes by utilizing a worksheet and memorializing their findings from that worksheet on both the record and in the court's journal entry." *State v. Alexander*, 8th Dist. Cuyahoga No. 98762, 2013-Ohio-1987, ¶ 13, fn. 2.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR