[Cite as *State v. Carman*, 2013-Ohio-4910.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99463**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# RONALD CARMAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-567976

**BEFORE:** Kilbane, J., S. Gallagher, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 7, 2013

**ATTORNEY FOR APPELLANT**

Michael P. Maloney
24441 Detroit Road
Suite 300
Westlake, Ohio 44145

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Brian R. Radigan
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Ronald Carman ("Carman"), appeals his sentence. For the reasons set forth below, we affirm.

{¶2} In November 2012, Carman was charged in a four-count indictment. Count 1 charged him with kidnapping and carried sexual motivation, sexually violent predator, and repeat violent offender specifications. Count 2 charged him with rape and carried sexually violent predator and repeat violent offender specifications. Count 3 charged him with kidnapping and carried sexual motivation, sexually violent predator and repeat violent offender specifications. Count 4 charged him with felonious assault and carried sexual motivation, sexually violent predator, and repeat violent offender specifications. Each of the charges contained a notice of prior conviction. The charges stem from the kidnapping, rape, and assault of the victim in May 1999. Carman was indicted in November 2012 because of a DNA match through the Combined DNA Index System ("CODIS") system.

{¶3} On January 17, 2013, Carman entered into a plea agreement and pled guilty to amended charges of abduction (Count 1) and gross sexual imposition (Count 2), with the deletion of all specifications. The remaining counts (Counts 3 and 4) were nolled. During the plea hearing, the trial court asked the state's position and defense counsel's position on whether the offenses are allied offenses of similar import. The following exchange occurred between the court, the state, and defense counsel:

[STATE:] Your Honor, in speaking with defense counsel as well, I think we're in agreement that these are not allied offenses.

[COURT:] Do you concur, [defense counsel]?

[DEFENSE COUNSEL:] Yes, I would concur with that, though I am not conceding that it's necessary to impose consecutive time for these two offenses.

[COURT:] I understand that.

{¶4} The same date, the trial court proceeded to sentence Carman to 30 months in prison on Count 1 and 12 months in prison on Count 2, to be served consecutively, for a total of 42 months in prison.

{¶5} Carman now appeals, raising the following two assignments of error for review.

### Assignment of Error One

The court erred in sentencing [Carman] to consecutive sentences.

### Assignment of Error Two

The court erred in failing to merge allied offenses for purposes for sentencing.

### Consecutive Sentence

{¶6} In the first assignment of error, Carman challenges the consecutive sentences imposed by the trial court.

{¶7} This court has addressed the standard of review used by appellate courts when reviewing challenges to the imposition of consecutive sentences in *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891. In *Venes*, we held that the standard of review set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, was no longer valid. We stated:

In [*Kalish*], the supreme court considered the relevant standard of review in the post-*Foster* era in which the findings necessary to impose consecutive sentences under former R.C. 2929.14(E)(4) had been declared unconstitutional. A plurality of the court held that R.C. 2953.08(G)(2) was inapplicable because it expressly related to "findings" that had been abrogated as unconstitutional. Instead, the plurality set forth the following method of reviewing criminal sentences: (1) is the sentence contrary to law and (2) if not, was it an abuse of discretion. *Id.* at ¶ 14-19.

*Kalish*, as is any plurality opinion, is of "questionable precedential value." *See Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (1994). Nevertheless, panels of this court have found it persuasive, at least insofar as it was applied to sentencing in the post-*Foster* era. *See, e.g.*, *State v. Martinez*, 8th Dist. [Cuyahoga] No. 96222, 2011-Ohio-5832, ¶ 6, fn. 1.

The post-*Foster* era ended with the enactment of H.B. 86 and the revival of statutory findings necessary for imposing consecutive sentences under R.C. 2929.14(C)(4). By reviving the requirement for findings as a predicate for imposing consecutives, the ground offered by *Kalish* for rejecting the standard of review set forth in former R.C. 2953.08 — that it could not stand as a standard of review for a statute that improperly required findings of fact before imposing consecutive sentences — was nullified. With the basis for the decision in *Kalish* no longer valid, and given that *Kalish* had questionable precedential value in any event, we see no viable reasoning for continuing to apply the standard of review used in that case. Henceforth, we review consecutive sentences using the standard of review set forth in R.C. 2953.08.

*Venes* at ¶ 8-10.

{¶8} R.C. 2953.08(G)(2) provides two bases for a reviewing court to overturn the imposition of consecutive sentences: the sentence is "otherwise contrary to law," or the reviewing court clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

{¶9} R.C. 2929.14(C)(4) now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find the

sentence is necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the trial court must find that at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.* at R.C. 2929.14(C)(4)(a)-(c).

**{¶10}** "In making these findings, a trial court is not required to use 'talismanic words,' however, it must be clear from the record that the trial court actually made the findings required by statute." *State v. Marton*, 8th Dist. Cuyahoga No. 99253, 2013-Ohio-3430, citing *Venes* at ¶ 14, 17; *State v. Pierson*, 1st Dist. Hamilton No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998).

**{¶11}** Carman contends that none of the factors in R.C. 2929.14(C)(4) apply, "except arguably [R.C. 2929.14(C)](4)(c)." In sentencing Carman, the trial court stated

considered all the information conveyed to it and the sentencing statutes. The court then stated:

> Taking into account, then, everything I know, I'm going to order that on Count One, abduction, that you be sentenced to 30 months at the Lorain Correctional Institution; and that on Count Two, gross sexual imposition, you be sentenced to 12 months at the Lorain Correctional Institution.
>
> I do find that consecutive sentences here are not disproportionate to the seriousness of your conduct.
>
> You are certainly not being sentenced for rape, let's get that straight right up front, but this plea does acknowledge a difficulty the prosecutor would have in possibly persuading a jury that this was in fact a rape as still described, frankly, by [the victim].
>
> The point being that taking this — taking the conduct described by [the victim] as an abduction and as an offense of gross sexual imposition, it is reprehensible conduct, and it's not disproportionate to order that you serve these terms consecutively.
>
> I also find that your history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by you.
>
> I'm not trying to demean you here. There's no value in that. However, you have a long, unremitting criminal history, and it seems to me that there's no reason to think it's going to stop now, so it would be best to incapacitate you from committing crimes for a somewhat longer period of time than could be done with concurrent sentences.
>
> For these reasons I'm going to order that the sentences be served consecutively, meaning, what it amounts to, although it is two separate sentences, it's a 42-month sentence, three and a half years.

{¶12} In the instant case, the trial court delineated each necessary finding under R.C. 2929.14(C)(4) when it imposed its sentence, and the trial court supported its findings with facts from the record. Thus, we find that the trial court made all the necessary

findings prior to imposing consecutive sentences, those findings are supported by the record, and Carman's sentence is not contrary to law.

**{¶13}** Carman also argues that the trial court "made no meaningful inquiry into the sentencing factors" in R.C. 2929.12, which provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶14}** Here, the trial court stated at the sentencing hearing and in its journal entry that it considered the required sentencing factors. This court has stated that "the [trial] court is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12).'" *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 21, quoting *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶ 10. Therefore, we are not persuaded by Carman's argument.

**{¶15}** Accordingly, the first assignment of error is overruled.

### Merger of Allied Offenses

**{¶16}** In the second assignment of error, Carman argues that his abduction and gross sexual imposition convictions should have merged because these offenses were a single event and were committed by the same conduct and animus. However, at the plea hearing, defense counsel agreed that the convictions are not allied offenses of similar import. At the hearing, the trial court had the following discussion with defense counsel:

> [STATE:]  Your Honor, in speaking with defense counsel as well, I think we're in agreement that these are not allied offenses.

[COURT:]   Do you concur, [defense counsel]?

[DEFENSE COUNSEL:] Yes, I would concur with that, though I am not conceding that it's necessary to impose consecutive time for these two offenses.

[COURT:]   I understand that.

**{¶17}** In *State v. Ward*, 8th Dist. Cuyahoga No. 97219, 2012-Ohio-1199, ¶ 20, we held that when the transcript demonstrates the state and defense counsel agreed that the offenses were not allied, the issue of allied offenses is waived.  We acknowledged the Ohio Supreme Court's decision in *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, but distinguished the circumstances in *Ward* because that "plea agreement [was] not silent as to the issue of allied offenses.  The transcript clearly show[ed] that the State and defense counsel agreed that the offenses were not allied."  *Id.* at ¶ 20.[1]   The trial court had the following discussion in *Ward*:

> THE STATE:   So for the record, Your Honor, we would — Also, the State would submit these are not allied offenses. You would have discretion whether or not to impose consecutive sentences for each of these counts.
>
> THE COURT:   Mr. Haller [defense counsel], do you agree they're not allied offenses?
>
> DEFENSE COUNSEL:   May I have a moment, Your Honor?  Yes, Your Honor.

*Id*. at ¶ 18.

---

[1]The *Underwood* court stated:  "[w]hen the plea agreement is silent on the issue of allied offenses of similar import, however, the trial court is obligated under R.C. 2941.25 to determine whether the offenses are allied, and if they are, to convict the defendant of only one offense."  *Id*. at ¶ 29.

**{¶18}** Similarly, in the instant case, the plea agreement is not silent as to the issue of allied offenses. The transcript clearly shows that defense counsel agreed that the offenses were not allied. Therefore, this issue is waived.[2]

**{¶19}** Accordingly, the second assignment of error is overruled.

**{¶20}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

---

[2]We acknowledge this court's recent en banc opinion in *State v. Rogers*, 8th Dist. Cuyahoga Nos. 98292, 98584, 98585, 98586, 98587, 98588, 98589, and 98590, 2013-Ohio-3235, where we addressed the effect of a guilty plea and merger of allied offenses. We held that: "[w]here a facial question of allied offenses of similar import presents itself, a trial court judge has a duty to inquire and determine under R.C. 2941.25 whether those offenses should merge. A trial court commits plain error in failing to inquire and determine whether such offenses are allied offenses of similar import." *Id.* at ¶ 63. We also cited to *Underwood* and recognized that "[i]n the absence of a stipulation or an agreement on which offenses are allied, a guilty plea does not negate the court's duty to merge allied offenses of similar import at sentencing. *Underwood* at ¶ 26." *Id.* at ¶ 40, 63.