[Cite as *State v. Mosley*, 2014-Ohio-2266.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### Nos. 100216, 100217, 100218, and 100219

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JAMES MOSLEY

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-13-574163-A, CR-12-569758-A, CR-13-572096-B, and
CR-12-569280-A

**BEFORE:** Kilbane, J., Rocco, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 29, 2014

**ATTORNEY FOR APPELLANT**

Richard Agopian
1415 West Ninth Street - 2nd Floor
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Andrew J. Santoli
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

**{¶2}** In this consolidated appeal, defendant-appellant, James Mosley ("Mosley"), appeals his sentence in four different cases. For the reasons set forth below, we affirm.

**{¶3}** In the first case, CR-12-569280-A, Mosley was charged with kidnapping, aggravated robbery, and falsification. In the second case, CR-12-569758-A, he was charged with two counts of kidnapping and aggravated robbery. In the third case, CR-13-572096-B, Mosley was charged with seven counts of aggravated robbery, six counts of kidnapping, grand theft, attempted murder, with a "drive by shooting" specification, felonious assault, with a "drive by shooting" specification, and having a weapon while under disability. In the fourth case, CR-13-574163-A, he was charged with two counts of aggravated robbery, two counts of kidnapping, and theft.[1] The charges in Case Nos. CR-12-569280-A and CR-12-569758-A arose from the robberies of Anthony Stark ("Stark") and Juan Natal ("Natal"), in November 2012 and October 2012, respectively. Stark was walking down the street when Mosley robbed him at gun point. Natal advertised a laptop for sale on Craigslist. When he went to meet the "interested buyer" and sell his laptop, Mosley brandished a gun and robbed Natal of his laptop. The

---

[1]The kidnapping, aggravated robbery, grand theft, and attempted murder charges each carried one- and three-year firearm specifications.

charges in Case Nos. CR-13-572096-B and CR-13-574163-A arose from robberies Mosley committed in May and June 2012. Mosley robbed a Wendy's restaurant and a 123 Quickstop convenient store. He also robbed Aldena Johnson and carjacked her vehicle. He then used this vehicle to rob Family Food Mart and Zac's Deli.

{¶4} In June 2013, Mosley entered into a plea agreement and pled guilty to an amended charge of aggravated robbery with a one-year firearm specification in each case, for a total of four counts of aggravated robbery. The remaining charges and specifications in each case were nolled. The trial court sentenced Mosley to one year in prison on the firearm specification in each case, to be served prior to three years in prison on each aggravated robbery charge for a total of four years in prison on each charge. The trial court ordered that the sentences be served consecutively for a total of 16 years in prison.

{¶5} Mosley now appeals, raising the following single assignment of error for review.

Assignment of Error

[The] imposition of consecutive sentences was contrary to law.

{¶6} In his sole assignment of error, Mosley argues that the trial court erred in sentencing him to consecutive sentences without making the required findings under R.C. 2929.14(C)(4).

{¶7} This court has addressed the standard of review used by appellate courts when reviewing challenges to the imposition of consecutive sentences in *State v. Venes*,

2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.). In *Venes*, we held that the standard of review set forth by the Ohio Supreme Court in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, was no longer valid. We stated:

> In [*Kalish*], the supreme court considered the relevant standard of review in the post-*Foster* era in which the findings necessary to impose consecutive sentences under former R.C. 2929.14(E)(4) had been declared unconstitutional. A plurality of the court held that R.C. 2953.08(G)(2) was inapplicable because it expressly related to "findings" that had been abrogated as unconstitutional. Instead, the plurality set forth the following method of reviewing criminal sentences: (1) is the sentence contrary to law and (2) if not, was it an abuse of discretion. *Id.* at ¶ 14-19.
>
> *Kalish*, as is any plurality opinion, is of "questionable precedential value." *See Kraly v. Vannewkirk*, 69 Ohio St.3d 627, 633, 635 N.E.2d 323 (1994). Nevertheless, panels of this court have found it persuasive, at least insofar as it was applied to sentencing in the post-*Foster* era. *See, e.g.*, *State v. Martinez*, 8th Dist. [Cuyahoga] No. 96222, 2011-Ohio-5832, ¶ 6, fn. 1.
>
> The post-*Foster* era ended with the enactment of H.B. 86 and the revival of statutory findings necessary for imposing consecutive sentences under R.C. 2929.14(C)(4). By reviving the requirement for findings as a predicate for imposing consecutives, the ground offered by *Kalish* for rejecting the standard of review set forth in former R.C. 2953.08 — that it could not stand as a standard of review for a statute that improperly required findings of fact before imposing consecutive sentences — was nullified. With the basis for the decision in *Kalish* no longer valid, and given that *Kalish* had questionable precedential value in any event, we see no viable reasoning for continuing to apply the standard of review used in that case. Henceforth, we review consecutive sentences using the standard of review set forth in R.C. 2953.08.

*Venes* at ¶ 8-10.

{¶8} R.C. 2953.08(G)(2) provides two bases for a reviewing court to overturn the imposition of consecutive sentences: the sentence is "otherwise contrary to law," or

the reviewing court clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

{¶9} R.C. 2929.14(C)(4) now requires that a trial court engage in a three-step analysis in order to impose consecutive sentences. First, the trial court must find that the sentence is necessary to protect the public from future crime or to punish the offender. Second, the trial court must find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. Third, the trial court must find that at least one of the following applies: (a) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction imposed pursuant to R.C. 2929.16, 2929.17, or 2929.18, or while under postrelease control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *Id.* at R.C. 2929.14(C)(4)(a)-(c).

{¶10} "In making these findings, a trial court is not required to use 'talismanic words,' however, it must be clear from the record that the trial court actually made the findings required by statute." *State v. Marton*, 8th Dist. Cuyahoga No. 99253,

2013-Ohio-3430, citing *Venes* at ¶ 14, 17; *State v. Goins*, 8th Dist. Cuyahoga No. 98256, 2013-Ohio-263, ¶ 10.

**{¶11}** In sentencing Mosley, the trial court considered required factors of the law. The court stated:

> So the purposes and principles of sentencing are to punish the offender and protect the public from future crime by the offender, using the minimum sanctions that I determine will accomplish that purpose without imposing an unnecessary burden on the state or local government resources.
>
> * * *
>
> A factor here that is considered more serious, the victims did suffer a serious psychological harm. Some of them are in counseling and have had difficulty moving on pursuant to what I've read in the PSI.
>
> * * *
>
> Whether or not his conduct is less serious, I do not find that the victim induced or facilitated the offenses, that Mr. Mosley acted under strong provocation, that he did not expect — did not cause or expect to cause physical harm to persons or property.
> Whether or not I believe substantial grounds exist to mitigate the offender's conduct, even if they do not constitute an offense, I can't find that. I find that his mental health issue makes him more dangerous. I don't find it to be a mitigating factor in this situation. His age is not a mitigating factor, to me. His age makes him more dangerous. The older he gets, the less dangerous he'll be.
>
> Whether recidivism is more likely, meaning will he recommit offenses, I believe * * * he had absconded from probation with the Juvenile Court. That's what's reflected in the PSI. He does have a history of criminal convictions or juvenile delinquency adjudications. I do find that he has not responded favorably to sanctions previously imposed. He does show a pattern of alcohol and/or drug use, specifically drug use.
>
> * * *

With regard to the length of the prison term, the general rule being that consecutive concurrent terms are appropriate, I cannot find that concurrent terms are appropriate enough in this situation. There are four case numbers. * * * [I]t's eight separate incidents that are condensed into four case numbers[.]

So we have multiple case numbers representing and within those case numbers multiple incidents totaling eight separate crimes with multiple victims. I do find that that harm with that amount of cases and that amount of victims is so great or unusual, that a single term would not adequately reflect the seriousness of the conduct. I also believe that his criminal history shows that consecutive terms are needed to protect the public.

{¶12} Mosley, relying in part on this court's decision in *State v. Hammond*, 8th Dist. Cuyahoga No. 99117, 2013-Ohio-3727, contends that the trial court failed to make the necessary findings under R.C. 2929.14(C). Specifically, he contends that the trial court failed to find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Hammond*, however, is distinguishable from this case.

{¶13} In *Hammond*, the trial court sentenced the defendant-Hammond to a consecutive sentence of 18 years in prison for two counts of felonious assault. *Id.* at ¶ 3. On appeal, Hammond argued that the trial court erred in sentencing him to consecutive sentences without making the required findings under R.C. 2929.14(C)(4). While we acknowledged the thorough consideration of the sentencing factors by the trial court, we agreed with Hammond in that the court did not reference or mention the findings necessary to support consecutive sentences. *Id.* at ¶ 11-12. We noted that "[t]he term

'consecutive' was not discussed by the trial court until the court imposed the sentence." *Id.* at ¶ 12.

{¶14} In this case, unlike in *Hammond*, the record demonstrates that the trial court clearly delineated each necessary finding under R.C. 2929.14(C)(4) when it imposed its sentence, and the trial court supported its findings with facts from the record. Thus, the trial court made all the necessary findings prior to imposing consecutive sentences, those findings are supported by the record, and Mosley's sentence is not contrary to law.

{¶15} Accordingly, the sole assignment of error is overruled.

{¶16} Judgment is affirmed.


It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
EILEEN A. GALLAGHER, J., CONCUR